# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL HOME MEDICAL SUPPLY, INC., <br> Plaintiff, <br> vs. <br> ALEX M. AZAR, II, Secretary of the United States Department of Health and Human Services, <br> Defendant. | CASE NO. 19cv496-LAB (BGS) <br><br> **ORDER GRANTING MOTION TO DISMISS [Dkt. 11];** <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Dkt. 8]** |

Presently before the Court are two competing motions: Plaintiff All Home Medical Supply, Inc.'s ("All Home") Motion for a Temporary Restraining Order, which the Court construes as a Motion for Preliminary Injunction, and Defendant Alex Azar's Motion to Dismiss. For the reasons below, the Court finds that it lacks subject matter jurisdiction over All Home's challenge and therefore **GRANTS** Defendant's Motion to Dismiss. Dkt. 11. All Home's request for a temporary restraining order or preliminary injunction is **DENIED**. Dkt. 8.

## BACKGROUND

All Home is a San Diego-based provider of medical equipment for Medicare, a healthcare program administered by Defendant Alex Azar, the Secretary of the United States Department of Health and Human Services ("the Secretary"). In June 2018, Medicare contractors determined that All Home had received overpayments from

- 1 -

Medicare of roughly $3,231,855. This triggered a recoupment process in which Medicare would offset any future payments to All Home by the amount of the overpayments.

As is its right under the Medicare statute, All Home appealed the overpayment determination. The Medicare appeal process is not a simple one: first, a provider like All Home may request a "redetermination" by the contractor that originally assessed the overpayments. 42 C.F.R. § 405.940. Second, a provider may appeal that redetermination to a qualified independent contractor ("QIC") for "reconsideration." *Id.* § 405.960. If the QIC affirms and the reconsideration becomes final, recoupment of overpayment commences. *Id.* § 405.379(f). Third, a provider may appeal the reconsideration and request a hearing before an administrative law judge ("ALJ"). *Id.* § 405.1002. Upon timely appeal, a provider has a right to a hearing within 90 days. *Id.* § 405.1016. Finally, a provider may seek review of the ALJ's decision by the Medicare Appeals Counsel ("MAC"). *Id.* § 405.1100. The MAC's decision is the final decision of the Secretary and may be appealed to a federal district court. *Id.* § 405.1130; 42 U.S.C. § 405(g). Importantly, Medicare recoups alleged overpayments even during the pendency of these administrative appeals.

All Home has completed only two of the four levels of administrative review. But based on a massive backlog in Medicare appeals, All Home filed the present action in March 2019, requesting that the Court issue a temporary restraining order ("TRO") prohibiting the Secretary from recouping alleged overpayments pending its exhaustion of administrative remedies. On April 11, 2019, the Court ordered additional briefing and informed the parties that it intended to construe All Home's request for a TRO as a request for a preliminary injunction instead. *See, e.g., VanLeeuwen v. Farm Credit Admin.*, 577 F. Supp. 264, 278 (D. Or. 1983) ("The application for a temporary restraining order will be treated as one for a preliminary injunction where, as here, defendants have been able to present their opposition."). The Secretary filed an opposition to All Home's motion, as well as a cross-motion to dismiss the case for lack of subject matter jurisdiction. These two motions are currently before the Court.

**DISCUSSION**

Subject matter jurisdiction "involves a court's power to hear a case [and] can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A lack of subject matter jurisdiction is "presumed," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Medicare is "a massive, complex health . . . program . . . embodied in hundreds of pages of statutes and thousands of pages of often interrelated regulations . . . ." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000). In an effort to reduce the burden of managing such a complex program, Congress designed a comprehensive administrative appeal process to handle Medicare disputes as they arise. This appeal process "channel[s] virtually all legal attacks through the agency, [and thereby] assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts . . . ." *Id.*

The role of federal courts in reviewing issues related to Medicare appeals is limited—judicial review of a claim arising under the Medicare Act is available only after a plaintiff has obtained a "final decision" from the Secretary. *Heckler v. Ringer*, 466 U.S. 602, 605, 617 (1984) (quoting 42 U.S.C. § 405(h)). In turn, a "final decision" of the Secretary occurs only after the following two conditions are satisfied: (1) a nonwaivable requirement that a claim be "presented to the Secretary," and (2) a waivable requirement that "the administrative remedies prescribed by the Secretary be exhausted." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

The parties agree that All Home did not exhaust its administrative remedies prior to filing in federal court, so the question is whether its duty to exhaust administrative remedies should be waived. But before the Court addresses that issue, it must first address the threshold question of whether All Home has administratively "presented" its due process claims at all—if All Home hasn't presented those claims to the Secretary, this Court is without power to hear them. On this point, the Ninth Circuit's decision in

*Haro v. Sebelius*, 747 F.3d 1099 (9th Cir. 2014), is instructive. In *Haro*, a group of Medicare beneficiaries sought injunctive relief regarding the Secretary's policy of requiring "up front" reimbursement. *Id.* at 1104. In particular, the beneficiaries argued before the district court that the Secretary's practice of ordering reimbursement before a final determination on alleged overpayments was beyond the Secretary's regulatory authority and violated due process. *Id.* The Ninth Circuit held that the purpose of presentment is to allow an agency "greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions," and that this purpose is not fulfilled if plaintiffs are permitted to raise claims in federal court that were not raised before the agency. *Id.* at 1113 (quoting *Illinois Council*, 529 U.S. at 12-13). Because the beneficiaries did not present their derivative claims to the Secretary, the court concluded that the beneficiaries failed to satisfy the presentment requirement.

All Home's theory in this case is that Medicare's unreasonable delay in processing administrative appeals constitutes a due process violation, and that this due process violation is collateral to the merits of All Home's underlying claim, which is that Medicare's contractors incorrectly calculated its alleged overpayments. Because it has presented its *underlying* claim to the Secretary, All Home submits that it is not required to also present the *collateral* claim that extensive Medicare delays constitute a due process violation. But the Ninth Circuit specifically rejected this argument in *Haro*. Like All Home, the plaintiffs there argued that the "presentment requirement is satisfied once a beneficiary has raised a claim for benefits, [and that] a final decision on a claim for benefits permits a beneficiary to raise any separate claim pertaining to the agency's procedure or policy in federal court." *Haro*, 747 F.3d at 1112. The court disagreed, finding that the purpose of the Medicare Act's "channeling requirement" was to ensure that the Secretary has wide latitude to decide appeals without interference from courts. An interpretation of the presentment requirement that would allow parties to bring derivative claims in federal court that were not first presented to the Secretary would undermine that goal. *Haro* precludes the Court

from granting All Home any relief here. Because All Home has not shown that it presented its due process claim to the Secretary, this Court lacks subject matter jurisdiction to hear its challenge.

Further, even if the Court were to find that All Home has presented its due process claim to the Secretary, All Home has not exhausted its administrative remedies, and the Court is not persuaded that any exception would apply that would relieve it of its obligation to do so. To qualify for a waiver of the exhaustion requirement, a claim "must be . . . colorable in its showing that the denial of relief sought will cause irreparable harm." *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1115 (9th Cir. 2003). There is no irreparable harm here. Although All Home submits that it may be forced out of business if it endures years of recoupment before receiving a determination on its administrative appeal, the Supreme Court has long acknowledged that the Medicare Act's channeling requirement "comes at a price, namely, occasional individual, delay-related hardship." *Illinois Council*, 529 U.S. at 13. Congress acknowledged when it established the administrative appeal system that individual companies would face financial harm as a result of being forced to litigate their claims through the administrative appeal process. With that goal in mind, it would be illogical for that same monetary injury to constitute "irreparable harm" that would then allow a company to jump to the front of the line by filing its claims in federal court. *See also L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("[M]onetary injury is not normally considered irreparable."); *V.N.A. of Greater Tift County, Inc. v. Heckler*, 711 F.2d 1020, 1034 (11th Cir. 1983) (provider allegation of "irreparable harm – being forced out of business" was insufficient to support issuance of an injunction; "[h]aving chosen to operate within the system on a cash-poor basis, they take a knowing risk that an intermediary's determination might delay repayment.").

Moreover, All Home's predicament is not as dire as it may seem at first blush. As the Secretary correctly points out, All Home is not required to wait years for an administrative decision before filing suit in federal court. 42 U.S.C. § 1395ff(d)(3) allows

a party to escalate its appeal if the administrative judges do not timely decide the case. For example, if the ALJ assigned to the case does not render a decision within 90 days, the party may request review by the Appeals Board. *Id.* § 1395ff(d)(3)(A). If the Appeals Board does not render a decision within another 90 days, the party may then "seek judicial review." *Id.* § 1395ff(d)(3)(B). In other words, regardless of how long it would normally take to receive an administrative ruling, a party seeking review in federal court ordinarily needs to wait no longer than 180 days, so long as it is willing to forego the later stages of the administrative appeal process.

All Home's argument that the Court has subject matter jurisdiction over this case is based largely on the Fifth Circuit's recent decision in *Family Rehab, Inc. v. Azar*, 886 F.3d 496 (5th Cir. 2016), in which that court held that the district court had subject matter jurisdiction over a similar challenge because the plaintiff's due process claim was "collateral" to the underlying merits of its Medicare appeal. But that decision is not binding on this Court and it is inconsistent with both the Ninth Circuit's decision in *Haro* and the decisions of other district courts in this Circuit. *See, e.g., Baron & Baron Med. Corp. v. Hargan*, 2018 WL 3532915 (S.D. Cal. 2018); *Ramtin Massoudi MD Inc. v. Azar*, 2018 WL 1940398 (C.D. Cal. 2018). It's not the job of this Court to harmonize circuit splits, but to apply binding Ninth Circuit authority.

## CONCLUSION

The Court lacks subject matter jurisdiction over All Home's lawsuit and therefore **GRANTS** the Secretary's Motion to Dismiss. Dkt. 11. Without jurisdiction, the Court cannot reach the merits of All Home's Motion for a TRO (or preliminary injunction). That motion is **DENIED**. Dkt. 8. The clerk is directed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated: June 6, 2019

*Larry A. Burns*
_____
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge